# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### JUNE TERM, 1915.

———— ———— ————

THOMAS MCMICHAEL, complainant-appellant,

*v.*

JOHN M. BAREFOOT et al., defendants-respondents.

[Argued June 22d, 1915. Decided September 29th, 1915.]

After a defendant against whom a judgment has been recovered applies to the court of first instance for a new trial, which is refused, and then commences a suit at law against the judgment creditor for damages for fraud and conspiracy in procuring such judgment and is nonsuited, and applies to vacate the nonsuit, which application is denied, he cannot then obtain an injunction from the court of chancery restraining the judgment creditor from further proceeding on the judgment, because he has made an election of remedies and must abide the result; and, being thus without remedy in the court of chancery, his appeal from an order of that court, dissolving such an injunction, is utterly devoid of merit, and while he may exercise his right to prosecute the appeal, he cannot obtain a stay of proceedings, *pendente lite*, because he has no arguable case, his appeal being sham and frivolous and liable to dismissal for that reason.

On motion to restrain the collection of judgments at law pending appeal from an order in chancery dissolving such an injunction.

*Mr. Herbert A. Drake,* for the complainant-appellant.

*Messrs. Scovel & Harding,* for the defendants-respondents.

The opinion of the court was delivered by

WALKER, CHANCELLOR.

The bill in this case was filed to perpetually restrain the defendants from proceeding to collect three several judgments recovered by them respectively in the Camden district court upon the ground that they were obtained by fraud and conspiracy, or for a new trial of the issues. Upon filing the bill an order was made upon the defendants to show cause why an injunction should not be issued, with an *ad interim* stay, and, upon the hearing, an order was made for the issuance of an injunction *pendente lite,* upon condition that the complainant should execute bonds with adequate security to each of the defendants conditioned for the payment of their several judgments in the event of the ultimate dismissal of the bill of complaint, and further, that unless a certain suit at law instituted in the Camden circuit court for damages for the alleged conspiracy be brought to trial by the complainant without unnecessary delay, such failure might be made the basis of a motion to dissolve the injunction.

The complainant (the judgment debtor) applied for new trials of the cases in the Camden district court, which court denied the application. The suit for damages for fraud and conspiracy in which the complainant hoped to recover judgment against the defendants and set it off against their judgments, was nonsuited by the judge of the Camden circuit court, and a motion to vacate the nonsuit was subsequently denied. Application was then made in the court of chancery to dissolve the injunction, and Vice-Chancellor Leaming, in granting the motion, said, among other things:

"The difficulty that confronts me is that the fact is indisputable that in the law court complainant herein was nonsuited; the law court, in the exercise of what this court must consider a sound judgment, nonsuited him. An application to be relieved from that nonsuit, which has been made to the law court, in behalf of complainant herein, has been refused, for reasons that were by that court deemed adequate. This court is now asked by complainant to sit in judgment over the law court and to determine that it has not done its duty; to determine that the law court either should not have allowed the nonsuit, or should have relieved against it.

"The complainant in this suit has twice had his·day in a law court; first in defence of the suits which were brought against him in the Camden city district court, where he was defeated in a trial before a jury, and next in the circuit court, in his action for conspiracy, where he was nonsuited. This does not take into account the application to the district court for relief against the judgments, or the application to the circuit court for relief against the nonsuit."

After order entered in chancery dissolving the injunction the complainant appealed to this court, and moved in the court below for a stay of its order dissolving the injunction, pending appeal. The court of chancery granted a stay until application could be made to this court for that purpose. And now such application·has been made.

The case of *Stein* v. *Cuff, 76 N. J. Eq. 277,* in this court, is dispositive of the present application. It was there held that—

"As a general rule equity will entertain a bill to restrain the enforcement of a judgment and for a new trial in an action at law, only when the grounds on which the new trial is sought are not cognizable by the court in which the judgment was recovered.

"A party in an action at law, who applies therein for a new trial on grounds cognizable by a court at law, and who is defeated, cannot afterward be heard on the same matter in a court of equity."

It was conceded by counsel who argued this motion for the appellant that the grounds of his bill for relief were equally cognizable in the law courts where he urged them unsuccessfully.

His complaint is that his motions in those courts were wrongly decided there; hence his application in equity.

The complainant by applying to the law courts, first, to the district court for new trials of the suits there, and secondly, to the circuit court to vacate the nonsuit, made an election of remedies and must abide the result. See *Coxe* v. *Robbins, 9 N. J. Law 384; Freeman* v. *Staats, 8 N. J. Eq. 814; Way* v. *Bragaw, 16 N. J. Eq. 213; Browning's Executor* v. *Rittenhouse, 40 N. J. Law 230.* In *Roarke* v. *Roarke, 77 N. J. Eq. 181,* it was held (at *p. 184*) that in case an election be made in favor of an action at law, proceeded in to a finality before application made to the court of chancery, the complainant must be held to have elected to stand upon the legal remedy.

The theory of complainant's present motion to continue the stay in this case is, that he is entitled as of right to be protected from the collection of the defendants' judgments, pending his appeal.

It is true that in *Pennsylvania Railroad Co.* v. *National Docks Railway Co., 54 N. J. Eq. 647,* it was held by Chief-Justice Beasley, speaking for this court, that—

"The effect of filing an appeal to this court is to prevent the decree in the court of chancery from destroying or impairing the subject of the appeal, or being in any degree used for that purpose."

But that did not establish a hard and fast rule, to the effect that a defeated litigant, whose action or defence is utterly devoid of merit, may, by exercising his right to appeal, obtain a stay of proceedings for the mere asking. The party appealing, who seeks a stay pending appeal, must have at least an arguable case; and, if he has not, his appeal is sham and frivolous, and may be dismissed for that reason. This doctrine is well stated in *Johnson* v. *St. Paul C. R. Co., 68 Minn. 408,* thus:

"An appellate court has the inherent power to dismiss an appeal which is manifestly and palpably frivolous and without merit. This power is necessary in order to prevent the court itself from being imposed upon, and the administration of justice being trifled with and perverted for mere purposes of delay."

This court, on practice motions which were not reported, frequently dismissed appeals and writs of error as sham and frivolous.

The motion for a stay pending appeal must be denied.